**Texanita COLE, Plaintiff,**

v.

**RUIDOSO MUNICIPAL SCHOOLS, et al., Defendants.**

**Civ. No. 89–1332 JP.**

United States District Court,
D. New Mexico.

Feb. 5, 1991.

**358**

Ray Twohig, Albuquerque, N.M., Susan G. Morrison, Austin, Tex., for plaintiff.

Frank J. Albetta, Daniel H. Friedman, Simons, Cuddy & Friedman, Santa Fe, N.M., for defendants.

### ORDER

PARKER, District Judge.

The subject of this order is defendants' "Notice of Defendants' Counsel's Compliance with the Court's Order of October 11, 1990 and Memorandum of Law," filed October 17, 1990. Defendants filed this notice of compliance pursuant to my order of October 11, 1990, which required counsel for defendants to file an affidavit explaining the "questionable timeliness" of two motions filed by defendants. Those two motions, "Defendants' Motion for Summary Judgment," asserting qualified immunity, and "Defendants' Motion for Protective Order" were both filed October 3, 1990.

Prior to the filing of those motions, at a hearing on September 21, 1990 I had ordered that certain depositions should be taken in this case in New Mexico on October 8, 9, and 10, 1990. At that hearing, counsel for defendants had given no indication that a motion based on the defense of qualified immunity was contemplated. During a telephone conference held on October 4, 1990, however, counsel for defendants stated that the reason the motions had not been filed until shortly before the depositions were to begin was that he had not become fully aware of the availability of the broad immunity defense, under *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758–59 (10th Cir.1990), until he was reading authorities while on an airplane flight on some unspecified date following the motion hearing on September 21, 1990.

During the telephone conference, I ruled that defendants, through their memorandum in support of the motion for summary judgment and the accompanying affidavits, had made a prima facie showing of the objective reasonableness of their challenged action. In accordance with *Lewis*, I denied further discovery at that time. However, because of defendants' counsel's failure to bring the motions in a more timely fashion, I granted the motion for protective order subject to the following conditions, as provided for by Federal Rules of Civil Procedure 26(c) and 37(a)(4). First, I ordered defendants to reimburse plaintiff for the expense of already-purchased and non-refundable airfare and any other non-refundable expenses affected by the granting of defendants' motion. Second, I ordered defendants also to reimburse plaintiff for any other expenses to be determined by the Court under the circumstances, after further review.

In order that I could properly evaluate the circumstances surrounding the filing of the motions on October 3, 1990, I requested, by order of October 11, 1990, that counsel for the defendants supply the following information in an affidavit to be filed not later than October 17, 1990:

1. The date on which and the manner by which defense counsel first became aware of the availability of the qualified immunity defense on which defendants rely in their motion for summary judgment filed October 3, 1990;

2. The date(s) on which defense counsel conferred in good faith or made a reasonable effort to confer in good faith with counsel for the plaintiff about defendants' motion for protective order;

3. All specific facts demonstrating the good faith nature of the conference or defense counsel's reasonable efforts to confer; and,

4. A full explanation of why the motion for summary judgment and the motion for protective order were not filed prior to October 3, 1990.

After reviewing defendants' notice of compliance, I find the explanations offered by defendants' counsel to be inadequate. In light of similar conduct before Judge Mechem's court, I am particularly troubled in the instant case by the delay in filing motions asserting qualified immunity defenses, raising the possibility of a pattern of abuse on the part of defendants' counsel. Consequently, in addition to reimbursing plaintiff for all out-of-pocket expenses related to preparing for the deposition, defendants shall also reimburse plaintiff for all related attorneys' fees. The following activities shall be considered work for which plaintiff may seek reimbursement for resulting attorneys' fees: (1) participation at the hearing on September 21, 1990 in determining the schedule and procedure for the depositions that were to be taken October 8, 9, and 10, 1990; (2) preparation for taking the depositions scheduled for October 8, 9, and 10, 1990; (3) research for and drafting of related letters and motions; and, (4) preparation for and participation in the emergency hearing held on October 4, 1990. By not later than February 14, 1991, counsel for plaintiff shall submit an affidavit detailing all the services that fall within the categories of legal work described above. Counsel for plaintiff shall also specify their regular hourly rates, as well as their emergency rates, if different.

IT IS THEREFORE ORDERED that:

1. Defendants shall reimburse plaintiff for all attorneys' fees resulting from the untimely filing of defendants' motion for protective order. The amount of reimbursement will be determined once plaintiff's counsel submit an affidavit, as required below, disclosing the relevant attorneys' fees.

2. By not later than February 14, 1991, counsel for plaintiff shall submit an affidavit detailing all the services that fall within the following categories of legal work: (1) participation at the hearing on September 21, 1990 in determining the schedule and procedure for the depositions that were to be taken October 8, 9, and 10, 1990; (2) preparation for taking the depositions scheduled for October 8, 9, and 10, 1990; (3) research for and drafting of related letters and motions; and, (4) preparation for and participation in the emergency hearing held on October 4, 1990. Counsel for plaintiff shall also specify their regular hourly rates, as well as their emergency rates, if different.